UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARITZA ZAPOTITLAN SANDOVAL,

                Plaintiff,

        -v.-

55 FULTON MARKET INC. et al.,

                Defendants.

25 Civ. 00156 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

The Court has been advised that the parties in this action, brought pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law have reached

a settlement in principle. *See* ECF No. 46. Court approval is required for settlement of FLSA

claims where dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure is

contemplated, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015),[1] and

for settlement of state-law claims on a class-wide basis, *see* Fed. R. Civ. P. 23.

No later than **February 4, 2026**, the parties shall file a motion for class certification,

preliminary approval of the class-wide settlement, and approval of the FLSA settlement. The

motion papers shall include a copy of the parties' proposed settlement as well as a proposed

schedule for notice to the class members, for class members to opt-out, for preliminary approval

of the settlement, and for a fairness hearing, as well as a proposal for the manner in which class

members will be notified. *See generally* Fed. R. Civ. P. 23(e). The parties shall also submit—as

a separate entry on the docket and as a Word document submitted by email to Chambers at

---

[1]     Judicial approval is not required for a settlement of FLSA claims by way of a Rule 68(a)
offer of judgment. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

ReardenNYSDChambers@nysd.uscourts.gov—a proposed order preliminarily approving the class-wide settlement, providing for notice, and scheduling a settlement fairness hearing.

Assuming the parties contemplate dismissal of the FLSA claims under Rule 41, their memorandum of law in support of preliminary approval shall address why the Court should approve the settlement as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012). The memorandum should also address, if applicable, any incentive payments to the plaintiffs and any proposed attorney's fee award to plaintiffs' counsel (with documentation to support the latter, if appropriate). In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337–41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself—notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection*

*Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

Now that the parties have reached a settlement, to conserve resources, and to promote judicial efficiency, it is hereby ORDERED that the parties discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before the designated Magistrate Judge.  If the parties consent to proceed before the Magistrate Judge, counsel for Plaintiff must, by **February 4, 2026**, file on ECF a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (available at

https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf). The executed form should be filed using the "Proposed Consent to Jurisdiction by US Magistrate Judge" filing event in accordance with ECF Rule 13.27. If the Court approves that form, then all further proceedings will be conducted before the designated Magistrate Judge.

If either party does not consent to conducting all further proceedings before the designated Magistrate Judge, then the parties must file a joint letter, by **February 4, 2026**, informing the Court that the parties do not consent, but without disclosing the identity of the party or parties who do not consent. The parties are free to withhold consent without negative consequences.

In light of the parties' settlement, all existing deadlines in this case are adjourned *sine die*.

SO ORDERED.

Dated: January 8, 2026
      New York, New York

                                        _____
                                        JENNIFER H. REARDEN
                                        United States District Judge

3